United States District Court
Eastern District of Michigan

UNITED STATES OF AMERICA,

    Plaintiff,

**ORDER OF DETENTION PENDING HEARING
ON VIOLATION OF SUPERVISED RELEASE**

v.

LONNIE BRIDGES,                     Case Number: 07-20636-01

    Defendant.
_____\

      This matter comes before the Court on the Government's Violation Report alleging that defendant Lonnie Bridges ("defendant") violated certain conditions of his supervised release. On September 7, 2012, a detention hearing was held in accordance with Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3143. The defendant waived his right to a preliminary hearing. After hearing from counsel and the defendant's supervising probation officer, the Court concludes that the following facts support the detention of the defendant pending the September 10, 2012 supervised release violation hearing before the Honorable Marianne O. Battani

### Part I – Findings of Fact

**X**    I find that Defendant has failed to establish by clear and convincing evidence that he will not flee.

      I find that Defendant has failed to establish by clear and convincing evidence that he does not pose a danger to the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

      This is the second time that defendant has been charged with violating his supervised release conditions. On May 19, 2008, he was sentenced to 3 years imprisonment and 3 years supervised release on the charge of possession with intent to distribute controlled substances. In May 2010, he absconded from supervised release. In the course of searching for defendant, the government learned that two warrants had been issued for the defendant for cheating in some casinos. On December 7, 2010, defendant's original sentence was revoked and he was re-sentenced to 11 months in prison and another term of supervised release. The supervised release conditions included that defendant not leave the district without permission and that he refrain from gambling, visiting casinos, and associating with any convicted felons. Defendant left the District without permission on June 19, 2012, June 24, 2012, and July 9, 2012 to visit casinos in Missouri, Ohio, and Iowa with 2 other individuals who have felony records. Gaming officials in those states report that defendant and these two individuals were cheating in craps – i.e., the same conduct for which defendant's supervised

release had previously been revoked. During a July 13, 2012 visit with his probation officer, defendant denied leaving this District.

Based on defendant's recent, repeat behavior, as well as his prior history of absconding, he has not established by clear and convincing evidence that conditions can be imposed that will reasonably assure his appearance at his supervised release violation hearing scheduled for September 10, 2012. The underlying violations include leaving the District without permission, on multiple occasions, and then lying about it to the supervising officer. The Court also considered the recommendation of the supervising probation officer that defendant be detained. Accordingly, the Court finds that defendant should be detained pending his Supervised Release Violation Hearing on September 10, 2012. The Court notes that Judge Battani agreed to have this hearing at 10:30 am in light of the Court learning at the detention hearing that defendant's step-father recently passed away and the funeral is scheduled for Monday, September 12, 2012 at 12:30 pm.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: September 7, 2012                       _____/s Laurie J. Michelson_____
                                              United States Magistrate Judge Laurie J. Michelson